## In re PEERLESS SHOE CO.

(District Court, D. Kansas, Third Division. October 16, 1915.)

No. 805.

BANKRUPTCY ⬤⟿322—CORPORATION—CLAIM BY STOCKHOLDER.

Where one of the three equal stockholders of a bankrupt corporation, on its organization, transferred to the corporation a stock of merchandise at an agreed valuation, a part of the price being applied in payment for his stock, and the remainder standing as an indebtedness of the corporation, on proof of his claim therefor against the bankrupt estate, the valuation fixed by the parties is not conclusive, but the fair market value of the property will be determined as the basis for the allowance of his claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510; Dec. Dig. ⬤⟿322.]

In Bankruptcy. In the matter of the Peerless Shoe Company, bankrupt. On review of order of referee allowing claim of Ben Harris. Reversed.

C. S. Denison and J. L. Kirkpatrick, Trustee, both of Pittsburg, Kan., for claimant.

Krauthoff, McClintock & Quant and Edwards, Kramer & Edwards, all of Kansas City, Mo., for trustee.

POLLOCK, District Judge. The facts, as gathered from a reading and consideration of the proofs in this case, briefly stated, are as follows:

Bankrupt is a corporation with a capital stock of $10,000. It was founded by three men, L. D. Lessem, Ben Harris, claimant, and Max Reinberg. The managing officers of the corporation at all times were L. D. Lessem, president, Max Reinberg, treasurer. Each of these parties appear to have subscribed for one-third of the capital shares of the corporation and to have paid or pretended to pay the purchase price thereof by delivery to the corporation of merchandise to the full value of the shares purchased. In so far as claimant Harris is concerned, he had a stock of merchandise invoiced at $11,636.54. In exchange for his shares in the corporation, he turned over to it merchandise invoiced at $3,700, and also turned over to the corporation the remainder of his stock at an agreed price of $7,936.54, the invoice price thereof, to be paid for by the corporation in installments, of which, as appears from the proofs, he had received, before bankruptcy intervened, $1,500. A claim in his behalf was presented against the estate in bankruptcy for the remainder, $6,436.54, which claim was, over the protest and objection of the trustee, allowed in full by the referee.

A review of this order is petitioned by the trustee. It is the contention of the trustee, while the Harris stock of goods was invoiced at $11,636.54, it was not of the actual market value, when received by the corporation, of more than 20 per cent. of that sum, on account of its character and condition. Therefore the goods, invoiced at $3,700, exchanged by Harris for his shares in the company, were

not of the actual value of more than $750, and, as he subscribed for shares in the corporation of the value of $3,333.33, he owes the corporation more than $2,500 on his subscription. And, further, the goods turned over to the corporation at the agreed price of $7,936.54 were not of the actual value of more than $1,600, and, as he has received of this sum $1,500, he is in fact indebted to the corporation in more than $2,000, and, as Harris was one of the managing officers of the corporation, creditors are not bound by the price agreed to be paid therefor, but that equity will examine into the matter and reduce the amount of such demand to a just sum notwithstanding the contract between the corporation and himself.

In this, I think, the trustee is right. It would not do to allow a concern to organize, as did the bankrupt in this case, hold itself out to the trade as having a capital stock of $10,000, fully paid, and then to allow an agreement of purchase, such as was made between its treasurer and itself, to stand in the way of doing justice to creditors induced to lend credit to the corporation on the strength of things as they appeared, and not as they in fact were. Such rule lies at the very foundation of justice and fair dealing. There is no claim here presented by the trustee against Harris for balance due on his purchase of shares. On the contrary, the claim here under consideration is of Harris on his demand against the corporation, which must be allowed in so far only as it is just and equitable.

The order of the referee is accordingly reversed, with directions to find and determine from the proofs taken, or others which may be taken, the fair market value of the goods purchased by the corporation from Harris at the time they were so purchased; from such amount to deduct the amount by Harris received thereon from the corporation, and to allow the remainder, if anything, on the demand, leaving open for future determination the claim of the trustee against Harris for his unpaid subscription to the capital stock of the corporation, to be asserted in appropriate manner if the trustee is so advised. Such matter is not in controversy here.

It is so ordered.